*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TROUP, Minors.

UNPUBLISHED
May 23, 2024

No. 366593
Wayne Circuit Court
Family Division
LC No. 2017-002155-NA

Before: MALDONADO, P.J., and PATEL and N. P. HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her twin children, HST and NMT, under MCL 712.A.19b(3)(a)(*ii*) (parent has deserted children for 91 or more days), (c)(*i*) (failure to rectify conditions), (i) (parental rights to other siblings have been terminated and parent has failed to rectify conditions that led to prior termination), and (j) (reasonable likelihood that children will be harmed if returned to parent),.[1] We affirm.

## I. BACKGROUND

Respondent has a history of involvement with Child Protective Services (CPS) due to substance abuse and mental health problems. In 2017, respondent had four other children removed from her care after one of the children tested positive for marijuana and cocaine at birth. There were also concerns about respondent's mental health. Because respondent did not meaningfully participate in the treatment plan, her parental rights to one of the four children were terminated in 2019.[2] The father of the other three children was granted legal and physical custody of them and respondent received supervised parenting time.

In 2021, respondent gave birth to HST and NMT. The twin children tested positive for cocaine and marijuana at birth and respondent tested positive for cocaine, marijuana, and fentanyl after giving birth. The Michigan Department of Health and Human Services (DHHS) filed a

---

[1] The trial court also determined the children's father was unknown and unascertainable, and terminated his rights to the children. The father is not a party to this appeal.

[2] The child's putative father was deceased at the time that the petition was filed.

petition requesting that the trial court take jurisdiction over HST and NMT under MCL 712A.2(b)(1) and (2), and terminate respondent's parental rights at the initial disposition under MCL 712A.19b(3)(a)(*i*) (child deserted by unidentified parent for 28 or more days), (*ii*), (g) (failure to provide proper care or custody), (i), and (j). The trial court authorized the petition and found by a preponderance of the evidence that it had jurisdiction over HST and NMT pursuant to MCL 712A.2(b)(1) and (2). The trial court found that there was sufficient evidence to terminate respondent's parental rights to HST and NMT under MCL 712A.19b(3)(g), (i), and (j), and found it was in the best interests of the twin children to terminate respondent's rights. Respondent appealed. This Court concluded that there was insufficient evidence in the record to terminate respondent's parental rights, reversed the trial court's order, remanded for further proceedings, "including the preparation of a case service plan." *In re Troup*, unpublished per curiam opinion of the Court of Appeals, issued July 21, 2022 (Docket No. 359787).

After remand, respondent was given a service plan that included substance abuse treatment, weekly drug tests, parenting classes, individual counseling, and a requirement that she find suitable housing and a source of income. Respondent was also required to attend visitation with HST and NMT, maintain regular contact with CPS, and attend hearings.

In March 2023, petitioner filed a permanent custody supplemental petition requesting that the trial court terminate respondent's parental rights under MCL 712A.19b(3)(a)(*i*), (*ii*), (c)(*i*), (*ii*), (g), and (j). The supplemental petition alleged that respondent failed to comply with her service plan, failed to complete any drug tests, had a history of abusing marijuana, cocaine, and fentanyl, and did not obtain suitable housing or a legal income. Respondent failed to attend any visitations with HST and NMT and last had contact with CPS on September 8, 2022.

Respondent was not present at the termination hearing. Evidence was presented concerning respondent's failure to comply with her service plan, termination from services, failure to compete drug screens, lack of suitable housing, lack of a verified source of income, failure to visit the twin children since their birth, and the termination of respondent's parental rights to a sibling of HST and NMT. In addition, respondent had not had contact with CPS since September 2022, and her whereabouts were unknown. The trial court concluded there was clear and convincing evidence to terminate respondent's parental rights to HST and NMT under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (i), and (j). The trial court found by a preponderance of the evidence that it was in HST's and NMT's best interests to terminate respondent's parental rights. This appeal followed.

## II. STATUTORY GROUNDS

Respondent argues that there was insufficient evidence to support the trial court's finding that statutory grounds for termination were met because she should have received more time to complete her service plan. We disagree.

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337

-2-

Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (cleaned up). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (i), and (j). Termination under MCL 712A.19b(3)(a)(*ii*) is proper when: "The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period." After respondent's parental rights were reinstated in July 2022, she did not participate in a single scheduled visitation with HST and NMT or attempt to seek custody of her children. The record reflects that respondent missed more than 30 visitation opportunities after her parental rights were reinstated. Further, respondent had no contact with CPS after September 8, 2022, despite repeated attempts to reach her, and her whereabouts were unknown.

Respondent contends that she should have been afforded more time to complete her service plan. Respondent was given a service plan in August 2022. The service plan included substance abuse treatment, counseling, random drug tests, and instructions to obtain and maintain suitable housing. Respondent did not attend substance abuse treatment, did not attend counseling, did not complete a single drug test, did not undergo a psychological examination, did not obtain suitable housing, did not work with CPS to complete a home assessment, did not have a verified source of income, and did not visit the children at all. Respondent had ample time to make changes and take advantage of a variety of services that were available, but failed to do so. Accordingly, we are not left with a definite and firm conviction that a mistake has been made in finding that termination was proper under MCL 712A.19b(3)(a)(*ii*) because respondent deserted the children. Because termination of parental rights only needs to be supported by a single statutory ground, *In re Pederson*, 331 Mich App at 472, we need not address the remaining grounds for termination, *In re Foster*, 285 Mich App at 633.[3]

---

[3] We note that, regardless, the record supports that the trial court did not clearly err by finding clear and convincing evidence that termination was proper under MCL 712A.19b(3)(c)(*i*) and (j). The trial court also terminated respondent's parental rights under MCL 712A.19b(3)(i), which provides for termination when: "Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights." It is undisputed that respondent had her parental rights to a previous child terminated. The prior case arose after respondent and another one of her children tested positive for drugs at birth. However, this Court previously found, "Given the sparse record evidence, the trial court clearly erred by finding that respondent's parental rights were previously terminated due to serious and chronic neglect or abuse." *In re Troup*, unpub op at 2. We concur with this Court's earlier reasoning on this matter,

### III. BEST INTERESTS

Respondent also contends it was not in HST's and NMT's best interests to terminate her parental rights. We disagree.

We review a trial court's decision that termination is in a child's best interests for clear error. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). "If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests." *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (cleaned up); see also MCL 712A.19b(5). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (cleaned up). A court may also consider whether it is likely that a child could be returned to a parent's home "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Other relevant factors include "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). The trial court may also consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001).

Respondent argues that termination is not in HST's and NMT's best interests because the trial court did not consider respondent's bond with the children or her parenting ability. A preponderance of the evidence in the record supports that respondent has failed to address her substance abuse and mental health issues for more than five years, and had not shown motivation to make the necessary changes to address those issues. Because of HST's and NMT's need for permanency, stability, and finality, the children cannot wait for respondent to seek treatment. A preponderance of the evidence in the record further supports that respondent had no bond with the children and had abandoned them entirely. Evidence was presented that HST and NMT have been in the same foster home since December of 2021, the children are bonded with their foster parents,

---

and likewise, conclude the trial court clearly erred when terminating respondent's parental rights under MCL 712A.19b(3)(i). Nevertheless, because only one statutory ground for termination needs to be established, *In re Pederson*, 331 Mich App at 472, we find that termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(a)(ii).

and their foster parents wish to adopt them. We are not left with a definite and firm conviction that the trial court made a mistake determining that termination of respondent's parental rights to HST and NMT was in the children's best interests.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Sima G. Patel
/s/ Noah P. Hood